IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

                                        :
JAMERE IREADUS HALL #25164-018
                                        :

    v.                                  :    Civil Action No. DKC 13-3353
                                             Criminal No. DKC 03-0123
                                        :

UNITED STATES OF AMERICA
                                        :

                          **MEMORANDUM OPINION**

     Petitioner, proceeding *pro se*, filed a motion to vacate,

set aside, or correct sentence on November 12, 2013 (ECF No. 58)

and supplemented his motion on January 9, 2014 (ECF No. 62).

     A second supplemental brief in support of Petitioner's §

2255 motion was filed by pro bono counsel with the firm of

Quinn, Emanuel, Urquhart & Sullivan on January 31, 2014 (ECF No.

68) arguing that, pursuant to *Descamps v. United States*, 133

S.Ct. 2275 (2013) and *United States v. Royal*, 731 F.3d 333 (4th

Cir. 2013), Petitioner no longer qualified as a career offender.

     A third supplemental motion attacking Petitioner's sentence

was filed on June 9, 2016, by Paresh Patel, Assistant Federal

Public Defender, arguing that in light of the Supreme Court's

recent decision in *Johnson v. United States*, 135 S.Ct. 2551

(2015), Mr. Hall is no longer a career offender because his

prior convictions for Maryland second degree assault no longer

qualify as career offender "crimes of violence."

Petitioner, through counsel, filed a notice dismissing his second and third supplements on April 25, 2017. (ECF No. 85).

The court issued a show cause order on April 28, 2017, ordering Petitioner to show cause why the remaining petitions should not be dismissed as moot in light of the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Surratt*, 2017 WL 1423296 (4th Cir. April 21, 2017). (ECF No. 87). Petitioner responded on June 7, 2017 (ECF No. 88), with a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2), which permits the dismissal of a cause of action "at the plaintiff's request . . . on terms that the court considers proper." As a general rule, a motion for voluntary dismissal under Rule 41(a)(2) "should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). There is no such prejudice here. Accordingly, Petitioner's motion for voluntary dismissal will be granted and his pending § 2255 motion and supplement will be dismissed. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

2